UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD KERLEGAN                              CIVIL ACTION

VERSUS                                        NO:    16-15891 c/w
                                                     17-02810

DANOS AND CUROLE MARINE                       SECTION: "A" (4)
CONTRACTORS, LLC, ET AL.

<u>ORDER</u>

Before the Court is a **Motion to Compel Medical Examination (R. Doc. 61)** filed by

Defendant, Baywater Drilling, LLC. R. Doc. 61. The motion is opposed. R. Doc. 64. The motion

was heard on the briefs.

I.    <u>Background</u>

The instant litigation is a suit filed by Plaintiff, Richard Kerlegan, pursuant to the General

Maritime Law pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, the Jones Act, and in

the alternative the Longshore and Harbor Worker's Compensation Act. R. Docs. 1, 33.  Plaintiff

alleges that on March 21, 2016, he sustained severe and permanently disabling injuries while

employed in the service of a drilling barge. He argues that that the cause of his injuries was the

negligence of the Defendants, Danos and Curole Marine Contractors ("Danos") and Baywater

Drilling, LLC ("Baywater"). *Id.*

Plaintiff contends that he: (1) sustained severe and permanently disabling injuries to his

body and mind including to his spine and extremities which have caused severe physical,

emotional, and mental pain; (2) sustained a permanent disability and loss of physical and mental

function; (3) has been unable to return to his former employment; (4) incurred loss of wages and

earning capacity and will incur future loss of wages and earning capacity; (5) has incurred and will

incur medical expenses; and (6) is entitled to maintenance and cure during the period of his disability, which has been arbitrarily and capriciously withheld. *Id*.

The instant motion was filed by Baywater seeking an order compelling the Plaintiff to attend an IME with Dr. Everett Robert a neurosurgeon located in Metairie, Louisiana. R. Doc. 61. It argues that: (1) Plaintiff's physical condition is at issue; (2) good cause exists because Baywater has not conducted an independent medical examination of the Plaintiff; (3) while Plaintiff has previously undergone an IME at the request of The Gray Insurance Company, the workers compensation carrier and non-party to the instant action, this does not satisfy Baywater's right to a medical examination in connection with this matter; (4) the use of the Dr. Robert Bernard, orthopedic surgeon,  who examined Plaintiff at the behest of The Gray would cause Baywater to incur expenses to which it did not agree; and (5) the IME by Dr. Bernard was conducted as part of a longshore benefits claim.

The motion is opposed. R. Doc. 64. The Plaintiff argues that while Danos and Baywater are the named Defendants in the matter the real party in interest is The Gray Insurance Company ("The Gray") because it provided the LHCRA worker's compensation coverage and Jones Act/General Maritime Law Coverage to the Defendants. Plaintiff also argues that as part of the Master Service Agreement between Danos and Baywater, Danos provided liability coverage to Baywater underwritten by The Gray, the non-party CGL insurer. Therefore, it argues Baywater is being defended and indemnified by Danos and the The Gray such that a Baywater IME is unnecessary because the IME done for The Gray should be imputed as Baywater's IME.

Plaintiff contends that Dr. Bernard's IME could not be more favorable to Baywater. It further states that Dr. Everett Robert is a neurosurgeon, a type of physician that Plaintiff has not

seen. It argues Dr. Robert's opinion would also be cumulative with the more than ten physicians, including three orthopedic surgeons already expressing opinions in the case.

## II.    Standard of Review

Physical and mental examinations are governed by Federal Rule of Civil Procedure 35. Rule 35 allows the Court to order "a party whose mental or physical condition…is in controversy to submit to a physical or mental examination" when there has been a "motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(1)-(2); *see also, Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990) ("Under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown."). Rule 35's "in controversy" and "good cause" requirements "are not satisfied by showing 'mere relevance to the case.'" *In re Oil Spill by Oil Rig DEEPWATER HORIZON*, MDL No. 2179, 2012 WL 607971, at *3 (E.D. La. Feb. 24, 2012) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). As the court in *In Re Oil Spill by Oil Rig DEEPWATER HORIZON* explained:

> Rather, what is required is "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Whether these requirements are met necessarily depends on the particular facts of the case and the scope of the examination sought.

2012 WL 607971, at *3 (citations omitted) (quoting *Schlagenhauf*, 379 U.S. at 118). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf*, 379 U.S. at 118.

Finally, "Rule 35(a) should be liberally construed in favor of discovery." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 (N.D. Tex. 1996). "The decision as to whether or not to

3

order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.,* No. 93–1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Cola–Cola Bottling v. Torres,* 255 F.2d 149 (5th Cir. 1958)).

### III.  Analysis

Baywater seeks an order compelling the Plaintiff to undergo an IME with neurosurgeon Dr. Everett Robert of Southern Brain and Spine in Metairie, Louisiana. It argues that the Plaintiff objected to the proposed IME because he attended an IME at the request of The Gray Insurance Company. That IME was conducted by Dr. Douglas Bernard, an orthopedic surgeon in New Iberia, Louisiana. Baywater states it has had no contact with Dr. Bernard either before or after that examination referenced by the Plaintiff and which was conducted at the request of The Gray, which is not a party to this action.

Baywater contends that Plaintiff has put his physical condition at issue in this case based on his allegations of injuries to his spine and extremities. Further, it argues good cause exists because the Plaintiff intends to call numerous medical providers at trial in support of his claims. Baywater argues that it seeks an IME to defend against those claims.

Baywater argues that the medical opinion of orthopedic surgeon Dr. Bernard was obtained by The Gray, a non-party to this action, as part of the Plaintiff's claims for longshore benefits. Baywater states it is not a party to the longshore benefits claim, did not participate in the selection of Dr. Bernard, did not agree that examination would satisfy its right to a medical examination, and that the instant litigation had not commenced at the time of that examination.

Baywater cites to *McGaughey v. Petty*, 2013 WL 3490973 (E.D. La. July 10, 2013) for the proposition that this Court has permitted a medical examination at the request of a defendant that was not a party to a worker's compensation proceeding and that was not involved in the selection

of the doctor for a medical opinion in the worker's compensation proceeding separate from the matter before the district court. It argues that Dr. Bernard's office is located in New Iberia, 130 miles from New Orleans, which would cause substantial expense to Baywater in meeting with Dr. Bernard, compelling attendance at trial, as well as disrupting Dr. Bernard's business. Baywater also contends it is not allowed to speak with Dr. Bernard with respect to this case because Plaintiff was examined with respect to separate litigation.

Finally, Baywater has suggested Dr. Everett Robert, a neurosurgeon, as the IME physician. Baywater also seeks an order extending the deadline of the submission of Dr. Robert's expert report for two weeks from the examination.

The Plaintiff opposes the motion and argues that the real party in interest is The Gray Insurance Company, because while not a defendant, The Gray is the CGL insurer who is paying for the defense of Danos and Baywater and will indemnify the defendants.

In addition, the Plaintiff argues that Dr. Bernard, an orthopedic surgeon, has already produced a report that could hardly be more favorable to the defense of the case and Baywater instead seeks an IME with a neurosurgeon. Plaintiff states that he has been examined by at least ten (10) physicians in this matter, three of whom are orthopedists. Of the three orthopedists: (1) Dr. Samer Shamieh was selected by the Plaintiff; (2) Dr. Robert Murphy was chosen by by the U.S. Department of Labor; and (3) Dr. Bernard was chosen by The Gray. He states that none of the examining or treating physicians is a neurosurgeon like Dr. Robert. Plaintiff also argues that any opinion Dr. Robert would provide would be cumulative with the other physicians.

The Plaintiff also argues that Baywater's citation of *McGaughey* is misplaced because in that case the court allowed a defense IME despite the fact that the plaintiff had undergone an examination chosen by the worker's compensation carrier when the defendant in the worker's

compensation case was not a party before the court in the litigation. Plaintiff argues the court in *McGaughey* allowed the IME because the worker's compensation case was substantially unrelated to the case before the court, whereas Danos, as the worker's compensation defendant, is a named Defendant in this litigation and the examination was conducted in conjunction with the Jones Act/General Maritime Law case against Danos before this Court.

Finally, Plaintiff states that in order to amicably resolve the matter it does not object to an examination by either Dr. Bernard or Dr. Murphy. He states this would eliminate any argument that Dr. Bernard will not meet with Baywater's counsel and the argument that Dr. Bernard is in New Iberia, Louisiana is inconsequential since the parties are scheduling depositions of the doctors to be introduced as evidence during trial.

Baywater sought leave to file a reply which this Court granted. R. Docs. 65, 68. In reply, Baywater argues that not only has Plaintiff been seen by orthopedic surgeons, but pain managements physicians as well and that, "the possible medical treatment (possibly) involves the implanting of a spinal stimulator, and hinges on the interpretation of an EMG as to whether [Plaintiff] has any underlying nerve conditions that might justify the possible implant of a stimulator." R. Doc. 65-2.  It states that the defense could best be served by obtaining the medical examination of a single physician who can address both spinal structure and spinal nerve issues, such that Dr. Robert is appropriate. Finally, Baywater argues that in *Y&S Marine, Inc. v. Maza*, 2011 WL 4807706 (E.D. La. Oct. 11, 2011) the court compelled a medical examination by Dr. Robert in a case in which the plaintiff's physicians were orthopedic surgeons and in which Judge Knowles noted that, "[i]t is well-known to this Court that both orthopedic surgeons and neurosurgeons treat back injuries on a regular basis."

First, the Court finds that the Plaintiff's physical condition is in controversy. The complaint alleges injuries to the spine and extremities. The Plaintiff's own opposition does not contend that this is in dispute. Rather, the dispute revolves around whether there is good cause for an IME to be performed by a neurosurgeon.

"Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf*, 379 U.S. at 118. Further, good cause requires an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. *Id.*

Here, there is no evidence to suggest that Baywater had input into the selection of Dr. Bernard to perform an IME in the longshore benefits action. Further, there is no indication that Baywater has been able to conduct an IME of the Plaintiff in the instant litigation. *See Mathias v. Omega Protein, Inc.,* No. 10–2835, 2011 WL 1304000, at *3 (E.D. La. April 1, 2011) ("[Where] the moving party has already made an examination in the past…the court will require a stronger showing of necessity before it will order repeated examinations.") (citing § 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2234 at 475); *Monroe v. Cooper/T. Smith Stevedoring Co., Inc.,* No. 06–933–B–M2, 2008 WL 687196, at *2 (M.D. La. 2008).

However, the Court finds that Baywater has not satisfied the good cause requirement as to why the IME of a neurosurgeon is required. Baywater has attached the medical report produced by Dr. Bernard at the request of The Gray to this motion. R. Doc. 61-2. The report provides no support as to why a neurosurgeon IME would be required.

Further, Baywater has provided no additional evidence, exhibits, or a recommendation of treatment such that an IME by a neurosurgeon is necessary. In its reply in support of the motion,

Baywater states that "*possible* medical treatment for plaintiff (*possibly*) involves the implanting of a spinal stimulator, and hinges on the interpretation of an EMG as to whether [Plaintiff] has any underlying nerve conditions that might justify the possible implant of a stimulator." R. Doc. 65-2 (emphasis added). The mere possibility of a potential nerve condition or potential spinal treatment with no recommendation for that treatment does not establish good cause for an IME by a neurosurgeon, especially considering there are no exhibits attached to this motion of any visit by the Plaintiff to a neurosurgeon or that establish the specific facts and affirmative showing a neurosurgeon IME is appropriate. In addition, this Court is not bound by the dicta of Judge Knowles. As such, the motion should be denied with respect to the IME by Dr. Everett Robert.

While ultimately Baywater may have been entitled to an IME by an orthopedic surgeon of its choice, it has provided no specific facts that support an IME to be conducted by a neurosurgeon.

## IV.    Conclusion

**IT IS ORDERED** that the **Motion to Compel Medical Examination (R. Doc. 61)** is **DENIED.**

New Orleans, Louisiana, this 22<u>nd</u> day of June 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**